### RAMSDELL et v BONSER et

Ohio Appeals, 1st Dist, Hamilton Co

No 5014.   Decided March 9, 1936

I. L Huddle, Cincinnati, and Maurice A. Thon, Cincinnati, for plaintiffs in error.
George E. Fee, Cincinnati, for defendants in error.

### OPINION

**By ROSS, PJ.**

Motion to dismiss for defect of parties. The action in the Court of Common Pleas was in partition. In this case three defendants were served in the Court of Common Pleas who are not made here parties defendant in error.

It is claimed they are necessary parties, united in interest. If such is the case, the motion must be granted. The **first** paragraph of the syllabus in the case of Young v Meyers, Exr. et, 124 Oh St 448, is:

"**Sec 11256, GC,** requiring that parties who are united in interest, must be joined as plaintiffs or defendants, is mandatory in character as to such parties and applies to proceedings in error as well as other stages of litigation."

**Sec 11256, GC,** provides:
"Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained, or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian, and that fact is stated in the petition, he may be made a defendant."

However, it is also held in the syllabus in **Haldeman, Admr. v Pace, 125 Oh St 53:**
"In a proceeding in error, only parties in interest in the judgment sought to be reversed need be made parties. It is not error to omit a party where nothing has been adjudged either for or against him. (**Roberts, Exr. v Roberts, Jr., 61 Oh St, 96,** 55 NE 411, fourth proposition of syllabus approved and followed.)"

In **Jones v Marsh, 30 Oh St, 20,** the syllabus is:
"Where, in an action against three defendants, two only were served with process, and judgment was taken against all three, upon petition in error by the defendant not served, the district court reversed the judgment, and proceeded to render the same judgment against the two defendants who were served with process that was originally entered against the three. On error to the Supreme Court by the two defendants against the original plaintiff, without making the other original defendant party thereto—Held:   That the reviewing court, for want of the necessary parties, does not have such jurisdiction of the subject-matter of the case, as will authorize it to reverse or modify the judgment of either of the courts below."

See also: **2 Ohio Jur., p. 193-194, §171.**
At this stage of the proceeding we have little information as to the exact character of the parties omitted, but in view of the fact that they were parties to the judgment of the trial court and apparently therein were necessary parties, it is our conclusion in view of the authorities noted that the motion in this case must be granted.

MATTHEWS and HAMILTON, JJ, concur.